Citation Nr: 1706033 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 09-27 879 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to a rating in excess of 10 percent for low back degenerative disc disease, to include the issue of entitlement to referral for consideration of an extraschedular disability rating.

2. Entitlement to referral for consideration of an extraschedular disability rating for right knee degenerative arthritis, currently rated 10 percent disabling.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and Dr. A.M.


ATTORNEY FOR THE BOARD

A. Barone, Counsel


INTRODUCTION

The Veteran served on active duty from June 1962 to June 1982. These matters are before the Board of Veterans' Appeals (Board) on appeal from rating decisions of Department of Veterans Affairs (VA) Regional Offices (ROs): an August 2008 decision of the RO in Togus, Maine granted service connection for the low back disability and assigned a 10 percent rating, effective January 22, 2008; a July 2009 decision of the RO in Detroit, Michigan granted service connection for the right knee disability and assigned a 10 percent rating, effective January 22, 2008. Jurisdiction of the Veteran's claims-file appears to have been transferred to the RO in St. Petersburg, Florida during the pendency of this appeal (after the Board's prior decision in this case in November 2015).

In March 2009 and January 2010, the Veteran testified before a decision review officer (DRO). In July 2012, a videoconference hearing was held before the undersigned. Transcripts from these hearings are associated with the record. In November 2012, these matters were remanded for additional development. In November 2015, the Board denied the claims of entitlement to increased ratings for the back and right knee disabilities. The Veteran appealed portions of this determination to the United States Court of Appeals for Veterans Claims (Court). Subsequently, the Office of General Counsel for the Department of Veterans Affairs and the Veteran's representative (hereinafter "the parties") filed a Joint Motion for Remand (Joint Motion) in October 2016. The Joint Motion was granted by the Court in November 2016. The Joint Motion makes clear that:

 [T]he parties move the Court to vacate and remand that part of the [November 2016 Board decision] which denied entitlement to a rating in excess of 10 percent for low back degenerative disc disease (DDD) and declined to refer for extra-schedular consideration, Appellant's service-connected low back and right knee disabilities.

The November 2016 Joint Motion further clarifies that the "Appellant does not contest [the] part of the Board's decision" that "denied Appellant's claim, on a schedular basis, for entitlement to a rating in excess of 10 percent for right knee degenerative arthritis...." The Board has characterized the issues now before the Board accordingly, as reflected on the title page of this decision. The case has now been returned to the Board from the Court for further consideration in accordance with the Joint Motion.

[In November 2015, the Board also remanded the issue of entitlement to a rating in excess of 10 percent prior to July 7, 2012 for a variously diagnosed heart disability (to include heart murmur, coronary artery disease (CAD), and congestive heart failure). Because the issue has not been re-certified to the Board, it is not before the Board at this time.]

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board finds that further development of the record is necessary to comply with the directives of the October 2016 Joint Motion and VA's duty to assist in the development of facts pertinent to this appeal. 38 C.F.R. § 3.159. The Board has carefully considered the discussion and directives of the October 2016 Joint Motion in this case, and further notes that there have been other pertinent developments impacting appellate review of the back and right knee rating issues during the pendency of the appeal before the Court and before the Board.

In the time since the Board's November 2015 decision, significant case law has clarified the requirements for a VA examination of a joint disability to be considered adequate for purposes of informing a rating assignment. Although the Veteran has undergone VA examinations for the purpose of rating his back in March 2008, June 2009, February 2013, and as recently as February 2016, these examination reports do not include complete findings as to the Veteran's functional impairment due to pain on active and passive motion, and during weightbearing and non-weightbearing. These examination reports are thus inadequate for rating purposes. See Correia v. McDonald, 28 Vet. App. 158 (2016). Accordingly, remand for an additional VA examination to ascertain the current severity of the Veteran's back disability, with all of the information required by the Court's holding in Correia, is necessary.

The October 2016 Joint Motion raises concerns further warranting additional development of the evidentiary record. The Joint Motion notes that the Board's November 2015 decision concerning the Veteran's back disability rating acknowledged notations of very limited forward flexion of the thoracolumbar spine in September 2009 and October 2009 private treatment records, and the Board found that such a small period of time was likely representative of a flare-up and not indicative of the Veteran's overall disability picture to support a staged rating. The Joint Motion asserts that "[t]he Board erred because it did not explain why Appellant's very limited flexion is likely representative of a flare-up and not indicative of Appellant's overall disability picture for a period, nor point to any evidence in the record to support this conclusion." The Joint Motion points to caselaw holding that the Board must cite to medical evidence to support any medical conclusion reached in its analysis; the Board must rely upon medical evidence to determine the medical cause of the Veteran's period of very limited flexion in this case. The medical opinion to be obtained during the processing of this remand shall have the opportunity to address this matter of determining whether the Veteran's period of very limited flexion is likely representative of a flare-up or, rather, indicative of the Veteran's overall disability picture for the period.

Another concern raised by the October 2016 Joint Motion features attention to the holding in Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014). The Joint Motion discusses that the Board's November 2015 decision "found that referral for consideration [or assignment of an extraschedular rating] was not warranted for Appellant's low back and right knee disabilities," without addressing evidence of record "which indicates that Appellant's low back and right knee disabilities have an overlapping effect on his functional abilities." The Joint Motion directs attention to a "February 2013 back examination noting that Appellant used 'cane on occasions for combined back and knee problems'...." The Joint Motion directs that the Board must "consider whether there is an indication that the collective impact or combined effect of Appellant's low back and right knee disabilities presents an exceptional or unusual disability picture to render the schedular rating criteria inadequate," and "the Board must discuss the pertinent evidence noted above in addressing the applicability of section 3.321(b)." 

As the forthcoming medical examination report necessarily must provide new evidence concerning the nature and severity of the low back disability, the Board finds that any questions concerning the collective impact or combined effects of the back disability and the right knee disability together is inextricably intertwined with the matter of the pending evidentiary development. See Harris v. Derwinski, 1 Vet. App. 180 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final decision on one issue cannot be rendered until a decision on the other issue has been rendered). The forthcoming medical opinion, to be obtained during the processing of this remand, shall have the opportunity to address this matter and comment upon the nature of any functional impairment from the collective impact or combined effects of the Veteran's low back and right knee disabilities.

Additionally, the processing of this remand shall allow for resolution of any due process concerns that may be raised by the pertinent procedural and evidentiary development by the AOJ while this matter has been pending on appeal. While the back disability rating issue was pending on appeal to the Court, the AOJ issued a new rating decision in April 2016 that mistakenly adjudicated a new claim for an increased rating for the back disability. The April 2016 AOJ adjudication relied upon the report of a new February 2016 VA rating examination of the Veteran's back disability. (The February 2016 VA examination report shows that the Veteran denied experiencing "flare-ups," which may be also be pertinent to consideration of the concerns presented in the October 2016 Joint Motion, discussed above.) During the AOJ's processing of this remand, the Veteran and his representative shall be afforded an appropriate supplemental statement of the case (SSOC) contemplating the correct status of the issues and the pertinent evidence.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should secure for the record copies of complete updated clinical records (any not already of record) of all VA and/or private treatment the Veteran has received for his disabilities on appeal. If the Veteran has received private treatment, the Veteran must provide the releases necessary for VA to secure the records of such treatment.

2. The AOJ should schedule the Veteran for a new VA examination to determine the severity of his service-connected degenerative disc disease of the lower back, and to also provide a medical opinion regarding the collective functional impact of the combined effects of the Veteran's low back and right knee disabilities considered together. Range of motion testing for the back should be accomplished. The examiner should also report the point (in degrees) that any range of motion of the back is limited by pain. Any additional functional loss due to weakness, fatigue, and/or incoordination should be reported, to include an estimate of any additional limitation of motion during flare-ups. All special tests and clinical findings should be clearly reported to allow for application of VA rating criteria. The examiner is requested to delineate all symptomatology associated with, and the current severity of, the service-connected back disability.

Pursuant to Correia v. McDonald, 28 Vet. App. 158 (2016), to the extent medically possible / appropriate, joint disability examinations should record the results of range of motion testing accounting for pain on BOTH active and passive motion AND in weight-bearing and nonweight-bearing, with comparison to the range of the opposite undamaged joint (when applicable). If any indicated testing cannot be completed, then the examiner must specifically indicate that such testing cannot be done.

The examiner is asked to also offer a response to each of the following:

(a) Please provide an opinion as to whether the ranges of forward flexion shown in the September 2009 and October 2009 private reports are, in the context of the overall medical history as documented in the record, medically indicative of an increase in the severity of Veteran's disability during the period that later improved (with attention to the greater degrees of limitation of motion in subsequent reports). If it is the opinion provider's conclusion that the September 2009 and October 2009 reports of limited forward flexion are unlikely to reflect a significant increase in the severity of the Veteran's back disability at those times, the opinion provider is asked to explain the most likely explanation for the forward flexion data recorded in the September 2009 and October 2009 private medical reports.

Private medical reports of record indicate very limited forward flexion of the thoracolumbar spine in September 2009 (25 degrees) and October 2009 (20 degrees). The other clinical measurements of record show significantly greater degrees of forward flexion at different times, before and after the September 2009 and October 2009 reports. 

(b) Please describe the functional impairment associated with the collective impact or combined effects of the Veteran's service-connected back disability and service-connected right knee disability, with particular attention to identifying any exceptional or unusual functional deficits. A February 2013 VA examination report describes that the Veteran used a "cane on occasions for combined back and knee problems." To comply with the terms of the October 2016 Joint Motion, as endorsed by the Court, the Board must consider whether there is an indication that the collective impact or combined effect of Veteran's low back and right knee disabilities present an exceptional or unusual disability picture.

A complete rationale should accompany each opinion provided, citing applicable clinical data and medical principles where possible.

3. When the development requested above is completed, the AOJ should review the record and consider all the available evidence, arrange for any further development deemed necessary, and readjudicate the issues on appeal. If any claim on appeal remains denied, the Veteran and his representative should be furnished an appropriate SSOC and afforded opportunity to respond. This case should then be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).